*Formatted for Electronic Distribution*                                                        *For Publication*

Filed & Entered
On Docket
September 28, 2012

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:

    Geoffrey David Muther and                                    Chapter 13 Case
    Kathy Doris Muther,                                              # 12-10029
        Debtors.

_____

Geoffrey David Muther and
Kathy Doris Muther,                                                        Adversary Proceeding
        Plaintiffs,                                                       # 12-1002
    v.
CitiMortgage, Inc., Fidelity Mortgage
Of NY, A Division of Delta Funding
Corporation; Mortgage Electronic
Registration Systems, Inc.,
        Defendants.

_____

*Appearances:*

| | | |
|---|---|---|
| *Michelle M. Kainen, Esq.* | *Shannon A. Bertrand, Esq.* | *Andrew S. Canella, Esq.* |
| *Kainen Law Office, P.C.* | *Kenlan, Schweibert, Facey & Goss, P.C.* | *Bendett & McHugh, P.C.* |
| *White River Junction, VT* | *Rutland, VT* | *Farmington, CT* |
| *Attorney for Plaintiffs* | *Attorney for Defendants* | *Attorney for Defendants* |

## ORDER
### GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT CITIMORTGAGE'S MOTION FOR SANCTIONS

      For the reasons set forth in the memorandum of decision of even date, THE COURT FINDS that, under Vermont's homestead laws, (i) Mrs. Muther needs to have a homestead interest in the Property[1] in order to be a necessary party to the 2007 Fidelity Mortgage, and to challenge the validity of that mortgage, under 27 V.S.A. § 141(a); (ii) Mrs. Muther's homestead interest was extinguished by the 1997 Conveyance by virtue of the retroactive application of 27 V.S.A. § 141(d), thereby depriving her of the right to challenge the validity of the 2007 Fidelity Mortgage; and (iii) neither the terms of the 1997 Conveyance, nor Mrs. Muther's post-conveyance conduct, are sufficient revive her homestead interest in the Property. Accordingly, the Plaintiffs' prayer for relief in the complaint to void the 2007 Fidelity

---

[1] All capitalized terms in this order have the same definition as set forth in the Memorandum of Decision.

Mortgage is denied and the Defendants are entitled to judgment as a matter of law in this adversary proceeding. THE COURT FURTHER FINDS that the Defendant CitiMortgage has failed to establish a sufficient legal basis for an award of sanctions in this case.

Therefore, IT IS HEREBY ORDERED that:

1. the Defendants' motion for summary judgment, originally filed as a motion to dismiss (doc. # 10), is GRANTED;

2. the Plaintiffs' cross-motion for summary judgment, originally filed as an objection to the Defendants' motion to dismiss (doc. # 16), is DENIED;

3. judgment is entered in favor of the Defendants in this adversary proceeding; and

4. the Defendant CitiMortgage's motion for sanctions (doc. # 15) is DENIED.

SO ORDERED.

September 28, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge